

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| ) | |
| Nedra J. Saucier ) | Case No. 06-3499 |
| ) | |
| Debtor(s) ) | (Related Case: 01-36616) |
| ) | |
| Nedra J. Saucier ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Capitol One ) | |
| ) | |
| Defendant(s) ) | |

### DECISION AND ORDER

This cause comes before the Court after a Hearing on the Plaintiff's Motion for Reconsideration of this Court's Order dated February 7, 2007, Granting Default Judgment Against the Defendant and Denying Plaintiff's Request for Fees, Costs and Damages. At the conclusion of the Hearing, the Court deferred ruling on the matter so as to afford the opportunity to further consider the Plaintiff's Motion. The Court has now had this opportunity, and finds that, at this time, the default judgment entered against the Defendant should be Vacated until the procedural deficiency created at the inception and then continued during the progression of this adversary case is cured.

The instant adversary proceeding, entitled "Complaint for Injunctive Relief and Monetary Damages and Punitive Damages," was commenced on August 23, 2006. (Doc. No. 1). In the

Nedra J. Saucier v. Capitol One
Case No. 06-3499

Complaint, the named Defendant was captioned "Capitol One."[1] *Id.* As proof of service, the Plaintiff, in her certificate filed with the Court, set forth that a copy of the Complaint was served upon the "office manager," at a post office box, "via certified mail with return receipt requested." (Doc. No. 3). To date, the Defendant has not filed an answer or otherwise entered an appearance in this proceeding.

On December 18, 2006, the Plaintiff filed a Motion for Default Judgment. (Doc. No. 9). As a part of her Motion for Default Judgment, the Plaintiff sought damages in the amount of $5,500.00, attorney fees and costs in the amount of $2,259.05, and collection costs estimated at $2,000.00. After holding a Hearing on the Motion for Default, at which no party appeared, the Court granted the Motion as to the judgment only, denying the Plaintiff's request for damages. (Doc. No. 13). Approximately three weeks later, this adversary case was closed in accordance with internal administrative procedures established by the Clerk.

The Plaintiff thereafter filed the instant motion, asking that the Court reconsider its decision as it pertains to the issue of damages. (Doc. No. 15). As the basis for her Motion, Plaintiff's counsel stated that for medical reasons he was unable to attend the hearing set on the Motion for Default. (Doc. No. 15).

## DISCUSSION

Under the Federal Rules of Civil Procedure, a party is not entitled to a judgment by default simply because no answer or appearance is entered by the opposing party. *In re Drexler Associates, Inc.*, 57 B.R. 312, 315 (Bankr. S.D.N.Y.1986). A court, instead, has discretion whether to enter a judgment by default and, if entered, whether to award damages to the moving party. *In re Beltran*,

---

[1] As opposed to "Capital," this is the spelling utilized by the Debtor in captioning her complaint.

Page 2

Nedra J. Saucier v. Capitol One
Case No. 06-3499

182 B.R. 820, 823-24 (9th Cir. B.A.P. 1995). In exercising its discretion, a court is to consider a number of factors, including, (1) the merits of the plaintiff's substantive claim, and (2) the possibility of prejudice to the plaintiff – with both of these factors giving this Court significant cause for concern in this matter. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986).

On the issue of her substantive claim, the Debtor set forth, as the grounds for her complaint, that the Defendant had, willfully and maliciously, continued to report or failed to update its listing with credit reporting agencies regarding the discharge of the Debtor's account with the Defendant. (Doc. No. 1, at pg. 2). As such, the Debtor claims that she was injured by the Defendant's breach of duty because, due to the Defendant's continued reporting of a balance due on her credit report, she could not rent an apartment, forcing her to stay at her son's home. (Ex. No. 1). However, as a legally cognizable basis for relief, this Court previously rejected the position that, alone, the act of reporting a discharged debt constitutes a recognized injury under bankruptcy law, explaining:

> it is difficult to discern how-and therefore, the Court cannot conclude that-the sole act of reporting a debt, whose existence was never extinguished by the bankruptcy discharge, violates the discharge injunction. All that is being reported is the truth.

*Irby v. Fashion Bug, (In re Irby)*, 337 B.R. 293, 295 (Bankr. N.D.Ohio 2005). Yet, even if this were not the case, the Court is presented with an even more fundamental issue: due process.

Due process holds that, for a judgment to be enforceable, a court must have personal jurisdiction over the party against whom the judgment is to be rendered. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir.1995) (a judgment is void if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir.1999) (when court lacks personal jurisdiction any default judgment is void). For purposes of entering a default judgment, a court is under an affirmative duty to consider whether personal jurisdiction exists.

Page 3

Nedra J. Saucier v. Capitol One
Case No. 06-3499

*Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771-72 (10th Cir.1997). In an adversary proceeding, such as that brought by the Debtor, this inquiry necessarily involves a determination as to whether the defendant was properly served with notice of the complaint; it is fundamental that unless otherwise waived, substantial compliance with the Federal Rules of Civil Procedure regarding service of process is necessary for a court to obtain personal jurisdiction over a party. *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir.1976); *Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 (1st Cir. 1986).

The complainant bears the burden to establish that proper service of process was accomplished. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). For a corporate defendant, such as Capitol One, Bankruptcy Rule 7004(b)(3) sets forth the applicable procedure for providing service of process, stating:

> (b) Service by first class mail
>
> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
>> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Framed in a more condensed format: Under Bankruptcy Rule 7004(b)(3), if service of the summons and complaint is to be accomplished on a domestic corporation by mail, it must be sent, first class mail postage prepaid, and directed to the attention of one of these three classes of persons: (1) an officer of the corporation; (2) the managing or general agent of the corporation; or (3) any agent authorized by law to receive service of process on behalf of the corporation. For these three

Page 4

Nedra J. Saucier v. Capitol One
Case No. 06-3499

categories, the Debtor, in filing her complaint, directed her service of the summons and complaint to the attention of the Defendant's "office manager."

From the context of this designation, it can be presumed that the Debtor was seeking to reach either the first or second class of persons designated in Rule 7004(b) as competent to receive service of process on behalf of a corporation. But it is a stretch to conclude that an "office manager" qualifies as either a corporate officer or the managing or general agent of a corporation within the meaning of Rule 7004(b)(3). In any given corporate structure, the authority of an "office manager," a middle management sounding position, is likely to be significantly more limited than that of a corporate officer or managing or general agent. Broadly speaking, a corporate officer is one conferred with the authority to operate and control the day-to-day operations of the business such as that held by the president, vice-president, secretary or treasurer. Similarly, a managing or general agent is one conferred with the power to act on behalf of and bind the corporation in all general matters. 2 Fletcher Cyc. Corp. § 434. This lack of broad corporate authority held by an "office manager" is not insignificant. The policy behind the designation of classes in Rule 7004(b)(3) is to ensure that someone, who on account of their position of authority within the corporation, will ensure that the corporate entity responds appropriately to the legal matter. *In re Association of Volleyball Professionals*, 256 B.R. 313, 317 (Bankr. C.D.Cal. 2000).

However, even assuming that an "'office manager" falls within one of the three classes of persons specified in Rule 7004(b)(3), it has been generally held that this type of generic heading is insufficient to effectuate proper service under the Rule. *See, e.g., Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453 (Bankr. E.D.Va.1995). The reason for this:

> Nationwide service of process by first class mail is a rare privilege which can drastically reduce the costs and delay of litigation. As a privilege, it is not to be abused or taken lightly. Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to

Page 5

Nedra J. Saucier v. Capitol One
Case No. 06-3499

> require literal compliance with the rule. By addressing the envelope "Attn: President" the debtors did not serve an officer, they served an office. While service of an office is permitted to effect service on other types of entities (e.g. service on a municipality pursuant to Rule 7004(b)(6)), it is not a means of valid service on corporations under Rule 7004(b)(3).
>
> Allowing service in the manner argued here by the debtors makes a joke of the requirement that an officer be served; it takes no more work, just an additional line on the envelope. However, the rule requires that an officer be served in order to insure that the corporation is put on notice that it is liable to lose valuable rights. Where the procedure outlined in a rule is less formal than the procedure it replaces, it should be strictly construed.

*In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D.Cal.1993).

Additionally, even those courts not ascribing to such a strict approach have required that, as a minimum threshold, service of the complaint must be made at a proper address. *Schwab v. Associates Commercial Corp. (In re C.V.H. Transport, Inc.)*, 254 B.R. 331 (Bankr. M.D.Pa.2000). However, even this does not appear to have been done in this case. Numerous notices sent by the Court to the Defendant, at the address provided by the Debtor, were returned from the Post Office labeled as not deliverable. (Doc. No. 18). Resultantly, no matter from which angle things are approached, the Debtor's attempted perfection of her service of the summons and complaint upon the Defendant must be viewed as legally deficient under Rule 7004(b)(3).

It is well-established that, given its due process underpinnings, a party's failure to substantially comply with the notice requirement of Bankruptcy Rule 7004(b)(3) renders the entry of a judgment by default improper. *Addison v. Gibson Equip. Co. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453, 457 (Bankr. E.D.Va.1995); *Braden v. General Motors Acceptance Corp. (In re Braden)*, 142 B.R. 317, 319 (Bankr. E.D.Ark.1992). The Sixth Circuit Court of Appeals has also stressed that, with respect to default judgments, there is a strong preference in federal courts for a trial on the merits, and hence judgments by default should be viewed as a drastic step and resorted to only in extreme cases such as where the conduct on the part of the defendant is known

Nedra J. Saucier v. Capitol One
Case No. 06-3499

to be willful. *United Coin Meter v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983); *Invst Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 397-98 (6th Cir. 1987).

Therefore, based upon concerns for due process, as well as the substantive question as to whether her cause of action is legally viable, the Debtor's default judgment will be set aside. But as provided in Bankruptcy Rule 7004(m), the Debtor shall be afforded an additional 30 days to perfect service on the Defendant, otherwise this adversary proceeding will be dismissed. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that this Court's Order, dated February 7, 2007, Docket Entry No. 13, granting the Motion for Default Judgment of the Plaintiff/Debtor, Nedra J. Saucier, against the Defendant, Capitol One, be, and is hereby, VACATED.

***IT IS FURTHER ORDERED*** that the Plaintiff is hereby afforded 30 days, commencing from the entry of this Order, to perfect service on the Defendant, otherwise this case will be Dismissed forthwith.

Dated: April 3, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 7

# CERTIFICATE OF SERVICE

Copies were mailed this 3rd day of April, 2007 to:

Capitol One
P.O. Box 6000
Seattle, WA 98190


Nedra J. Saucier
27630 Iris Place
Castaic, CA 91384


Donald R. Harris
158 E. Market St.
Suite 302b
Sandusky, OH 44870


                          /s/Dawn Serna-Gensch
                    Deputy Clerk, U.S. Bankruptcy Court